**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SUSAN HERBERT,

    Plaintiff,

vs.                                                                                                    CASE NO. 3:08-cv-1164-J-20TEM

BARACK OBAMA and
THE UNITED STATES OF
AMERICA,

    Defendants.
_____

**REPORT AND RECOMMENDATION**[1]

This cause is before the Court on Plaintiff's motion to proceed *informa pauperis* as contained within Plaintiff's filed Affidavit of Indigency (Doc. #2), filed December 4, 2008. Upon review of the aforementioned motion and the accompanying document entitled "Emergency Application for a Stay of Enforcement of the Judgment Below Pending the Filing and Disposition of a Complaint and/or Pending the Disposition of an Already Pending Petition for an Extraordinary Writ Currently Before the US [sic] Supreme Court" (Doc. #1), which the Court construes as Plaintiff's complaint, the Court finds the suit is subject to dismissal.

Under 28 U.S.C. § 1915(a), courts may permit a litigant to proceed in forma pauperis if the litigant avers in an affidavit that he or she is unable to bear the fees and costs

---

[1] Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1) and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

associated with a lawsuit. As recognized by the United States Supreme Court, "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Thus, courts are empowered with discretion to dismiss an action, sua sponte, if it is frivolous or malicious. *See id.* A suit "is frivolous where it lacks an arguable basis either in law or in fact." *Id.* at 325. Dismissal of a complaint pursuant to this principle should be ordered only if the complaint relies on clearly meritless legal theories, *see id.* at 327, or where the facts asserted therein "are 'clearly baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke*, 490 U.S. at 327).

The statute also requires the Court to dismiss the case if it determines the action "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). However, a court should not dismiss a *pro se* litigant's complaint pursuant to § 1915 for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (internal quotation marks omitted); see also *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1308 n.7 (11th Cir. 2004) (per curiam).

Plaintiff's complaint, with attached exhibits, is a one hundred and seventy-three page (173) manifesto-like document comprised of both numbered and unnumbered paragraphs, apparent screen shots from internet sites, and a variety of miscellaneous pages that on the surface, at least, do not appear to be related to a plausible cause of action in federal court

(*see generally*, Doc. #1). The "judgment" to which Plaintiff refers in the title of this construed complaint, and against which Plaintiff seeks an "emergency stay of enforcement," are the presidential election results that will lead to the installation of Senator Barack Obama as the next president of the United States (*see* Doc. #1, p.7 of 50 of main document). Throughout Plaintiff's complaint, Plaintiff sets forth her account of the myriad of ways in which she believes she has been harmed because her name was allegedly illegally kept off the voting ballot for the 2008 presidential election (*see generally*, Doc. #1). Plaintiff also claims, among other things, she was the "only acting legal President not placed upon the ballot and who never voluntarily withdrew [her] name. . ." (*see* Doc. #1, p. 6 of 50 of main document), "[o]nly mothers and veterans have a protected right to hold this office. . ." (*see* Doc. #1 at p.23 of 50 of main document), that other federal judges violated the law to silence Plaintiff and keep her off the ballot (Doc. #1 at p.29 of 50 of main document), and through a flash of genius she created " the means to enter the US [sic] Supreme Court directly. . ." (Doc. #1 at p. 46 of 50 of main document). However, Plaintiff has failed to allege facts sufficient to indicate she even took the steps necessary to qualify as a presidential candidate. *See Fla. Stat.* §§ 103.21, 103.22.

It is also noted that the allegations and facts set forth in the complaint somewhat mirror those from previous cases Plaintiff has filed. *See Herbert v. USA*, Civ. Action No. 3:07-cv-315-J-20HTS; *Herbert v. USA*, Civ. Action No. 3:07-cv-699-J-25TEM; *Herbert v. USA*, Civ. Action No. 3:07-cv-776-J-12MCR, *Herbert v. United States, et al.*, Civ. Action No. 3:07-cv-964-J-33TEM. Indeed, in *Herbert v. USA*, Civ. Action No. 3:07-cv-315-J-20HTS, filed on April 19, 2007, the court dismissed the action on June 12, 2007, upon finding

"Plaintiff['s] claims are clearly fantastic and delusional and her requested relief is beyond the Court's authority." (Order of Dismissal Without Prejudice, Doc. #8, pp. 2-3).

## RECOMMENDATION

Based on the foregoing, the Court finds the allegations contained the complaint to be frivolous as defined herein. Accordingly, it is recommended:

1. The motion to proceed in forma pauperis be **DENIED**.

2. The case be **DISMISSED without prejudice** to filing a properly amended paid complaint. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**DONE AND ENTERED** at Jacksonville, Florida this 8th day of December, 2008.

Copies to all counsel of record
and *pro se* parties

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge